IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RHONDA J. COX,           :

    Plaintiff,          :
                         Case No. 3:08cv422
    vs.              :
                         JUDGE WALTER HERBERT RICE
ERIC K. SHINSEKI, SECRETARY    :
OF VETERANS AFFAIRS,[1]
                        :
    Defendant.

---

DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (DOC. #19), ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #25) AND
OVERRULING PLAINTIFF'S OBJECTIONS THERETO (DOC. #26);
TERMINATION ENTRY

---

The Defendant, Eric K. Shinseki, United States Secretary of Veterans Affairs ("VA"), employed the *pro se* Plaintiff, Rhonda J. Cox ("Cox"), from 1998 until her termination, in February, 2008. Doc. #1 (Compl.) ¶ 17; Doc. #21 at 10 (Cox Dep. at 35 ). Cox, who suffers from Hepatitis C, an anxiety disorder, arthritis, fibromyalgia, major depression and sleep disorders, brings suit against the Secretary for the following alleged wrongs: (1) failure to accommodate her

---

[1] The Secretary of Veterans Affairs at the time the Plaintiff commenced this litigation was James B. Peak. The current Secretary of Veterans Affairs, who is automatically substituted as a party defendant in accordance with Federal Rule of Civil Procedure 25(d), is Eric K. Shinseki.

disabilities, in violation of The Rehabilitation Act, 29 U.S.C. §§ 701-796 (the "Rehabilitation Act"); (2) wrongful termination, in violation of the Rehabilitation Act; (3) intentional infliction of emotional distress, in violation of Ohio common law; and (4) wrongful retaliation for her report of violations of state and federal law and the VA's rules and regulations, in violation of Ohio Revised Code § 4112.02(1) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). Doc. #1.

The Secretary has moved for summary judgment on all claims and Magistrate Judge Ovington has issued a Report and Recommendations, wherein she recommends that the Court sustain the Secretary's Motion and terminate this litigation. Docs. #19, #25. The Plaintiff having now filed her objections to the Magistrate Judge's Report and Recommendations (Doc. #26), the Court will proceed with a review of the same, by first setting forth the applicable standards of review and then analyzing the merits of the present Motion.

I. <u>Standard of Review of Magistrate Judge's Report and Recommendations</u>

The Defendant's Motion for Summary Judgment is a dispositive motion. Therefore, pursuant to 28 U.S.C. § 636(b)(1), this Court must conduct a *de novo* review of the Magistrate Judge's Report and Recommendations. <u>United States v. Curtis</u>, 237 F.3d 598, 603 (6th Cir. 2001) (noting that district courts must conduct a *de novo* review of dispositive motions, while the clearly erroneous standard of review is applicable to non-dispositive motions).

2

II.     Summary Judgment Standard

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party,

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id. at 323; see also Boretti v. Wiscomb, 930 F.2d 1150, 1156 (6th Cir. 1991). "Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." Talley v. Bravo Pitino Rest., Ltd., 61 F.3d 1241, 1245 (6th Cir. 1995); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations, it is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. Celotex, 477 U.S. at 324. "The plaintiff must present more

3

than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." Mich. Prot. & Advocacy Serv., Inc. v. Babin, 18 F.3d 337, 341 (6th Cir. 1994).

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment shall be denied "[i]f there are . . . 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" Hancock v. Dodson, 958 F.2d 1367, 1374 (6th Cir. 1992) (citation omitted). In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. Anderson, 477 U.S. at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe, by determining which parties' affiants are more credible; rather, credibility determinations must be left to the fact-finder. 10A Wright, Miller & Kane, Federal Practice and Procedure Civil 3d § 2726 (1998).

In ruling on a motion for summary judgment (in other words, in determining whether there is a genuine issue of material fact), "[a] district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." InterRoyal Corp. v. Sponseller, 889

4

F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091 (1990); see also L.S. Heath & Son, Inc. v. AT&T Info. Sys., Inc., 9 F.3d 561 (7th Cir. 1993); Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 n.7 (5th Cir. 1992), cert. denied, 506 U.S. 832 (1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment . . . ."). Thus, a court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

III. Analysis of Motion for Summary Judgment

    A. Applicable Facts

In making its decision herein, the Court relies on the thorough summary of facts set forth in the Magistrate Judge's Report and Recommendations. Doc. #25 at 2-9.

    B. Rehabilitation Act Claims

The Plaintiff brings her first two claims under the Rehabilitation Act. "The Rehabilitation Act of 1973 prohibits discrimination . . . in employment against disabled persons by federal agencies." Hiler v. Brown, 177 F.3d 542, 545 (6th Cir.

1999) (citing 29 U.S.C. §§ 791, 794 (1994)); Smith v. United States Postal Serv., 742 F.2d 257, 259 (6th Cir. 1984)); see also 29 C.F.R. § 1614.101(a). "Apart from [the Rehabilitation Act's] limitation to denials of benefits 'solely' by reason of disability and its reach of only federally funded--as opposed to 'public'--entities, the reach and requirements of [the Rehabilitation Act and Title II of the Americans with Disabilities Act ("ADA")] are precisely the same."[2] S.S. v. E. Ky. Univ., 532 F.3d 445, 452-453 (6th Cir. 2008) (quoting Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138, 146 n.6 (2d Cir. 2002)). Therefore, courts have recognized that the two statutes "provide the same remedies, procedures, and rights." Id. at 453 (citing Thompson v. Williamson County, 219 F.3d 555, 557 n.3 (6th Cir. 2000)); see also Mahon v. Crowell, 295 F.3d 585, 588-89 (6th Cir. 2002) ("Although the

---

[2]The Sixth Circuit further summarizes the applicable provisions of the ADA and the Rehabilitation Act as follows:

> Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." Section 504 of the Rehabilitation Act likewise provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

S.S., 532 F.3d at 452 (quoting 42 U.S.C. § 12132 (Title II of the ADA); 29 U.S.C. § 794(a) (Rehabilitation Act)).

6

Rehabilitation Act predates the [ADA], analyses of claims made under the two acts run roughly parallel.").

With regard to the Plaintiff's first claim, for failure to accommodate, the ADA's prohibition on discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . " 42 U.S.C. § 12112(b)(5)(A). In reasonable accommodation challenges, the plaintiff "bears the initial burden of proposing an accommodation and showing that that accommodation is objectively reasonable." Kleiber v. Honda of Am. Mfg., Inc., 485 F.3d 862, 870 (6th Cir. 2007). In order for accommodations to be reasonable, the plaintiff must point to some evidence to demonstrate that the same were "necessary accommodations in light of her physical limitations." Nance v. Goodyear Tire & Rubber Co., 527 F.3d 539, 557 (6th Cir. 2008). By statute, the term "reasonable accommodation" includes the following:

- (A) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and

- (B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

42 U.S.C. § 12111(9). If the plaintiff meets this burden, the burden of proof then shifts to the defendant to show that the accommodation would be an undue

7

hardship. Johnson v. Cleveland City Sch. Dist., 2009 U.S. App. LEXIS 19136 (6th Cir. 2009) (citing Talley v. Family Dollar Stores of Ohio, Inc., 2008 U.S. App. LEXIS 19342 (6th Cir. 2008)).

In the present case, the Magistrate Judge determined that the Plaintiff had not met her burden of proposing an accommodation and then showing that that accommodation was objectively reasonable, in that the only thing the Plaintiff argued in support of this element was that she felt she was entitled to 45 days off with pay after she contracted hepatitis, while the Secretary gave her one week of chargeable leave, instead. Doc. #25 at 16. While the Plaintiff continues to argue that the Secretary failed to accommodate her by not providing her with the requested leave, in her objection to the Magistrate Judge's Report and Recommendations (Doc. #26 at 3-4), she still provides no support to show that the proposed accommodation is objectively reasonable or, in other words, that the same was a necessary accommodation in light of her physical limitations. Because the Court agrees with the Magistrate Judge's conclusion that the Plaintiff has not set forth sufficient facts to create a genuine issue of material fact as to the reasonableness of her accommodation request (Doc. #25 at 15-18), the Court SUSTAINS the Defendant's Motion for Summary Judgment (Doc. #19), as to the same.

The Court now turns to the Plaintiff's wrongful termination claim. In order to establish a claim for wrongful termination under the ADA, a plaintiff must first establish a *prima facie* case of discrimination.[3] Parry v. Mohawk Motors of Mich., Inc., 236 F.3d 299, 310 (6th Cir. 2000). Once the plaintiff establishes a *prima facie* case, the burden shifts to the employer to articulate a nondiscriminatory, legitimate reason for the termination. Id. If the employer satisfies this burden, the plaintiff then has the burden to demonstrate that the proffered reason is a pretext for discrimination. Id. (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973)).

In the Magistrate Judge's Report and Recommendations, she correctly notes that the emphasis in the Defendant's Motion is not on the Plaintiff's *prima facie* case, but on the Defendant's alleged nondiscriminatory, legitimate reason for terminating the Plaintiff. Doc. #25 at 11. Thus, the question for the Court is whether the Defendant has set forth sufficient evidence to demonstrate such a reason and, if so, whether the Plaintiff has then set forth evidence to demonstrate

---

[3] In order to prevail in a disability discrimination case, a plaintiff must present either direct evidence of discrimination or a *prima facie* case of discrimination. Martin v. Barnesville Exempted Village Sch. Dist. Bd. of Educ., 209 F.3d 931, 934 (6th Cir. 2000). In order to establish a *prima facie* case under the ADA, the plaintiff must demonstrate the following: "(1) [she] was 'disabled' under the ADA; (2) [she] was otherwise qualified to perform the essential functions of the job; (3) [she] suffered an adverse employment action and (4) a nondisabled person replaced [her]." Id. (citing Monette v. Electronic Data Sys. Corp., 90 F.3d 1173, 1186 (6th Cir. 1996)).

9

that the proffered reason is a pretext for discrimination. The Magistrate Judge concluded that the Defendant had satisfied its burden and that the Plaintiff had not, and this Court agrees.

With regard to the Defendant's alleged reason, it asserts that it terminated the Plaintiff "for a continued failure to maintain the standards of her position." Doc. #19 at 14. In support thereof, the Defendant points to evidence to support the following:

> On July 17, 2007, Mark Frazee presented Ms. Cox with a letter . . . in which he reiterated the requirement she return from lunch on time, finish assigned projects in a timely manner, and refrain from sleeping while at work. Later, on September 19, 2007, Ms. Cox received written notice of a meeting (also with Frazee) to discuss her absence from work on September 17 for over one hour and fifty minutes. Finally, on October 26, 2008, Frazee provided written counseling to Ms. Cox in which he documented thirty-two instances (some on the same day) in which Ms. Cox was either late to work, late returning from lunch, or left work once she arrived. These infractions were in addition to the previously cited 50 to 75 documented incidences of being AWOL.

Doc. #19 at 14-15 (citing various exhibits filed at Doc. #19-1; Doc. #21 at 13 (Cox Dep. at 49)). Thus, the Defendant has satisfied its burden and the Plaintiff must point to evidence to demonstrate that the asserted reasons were merely pretext for discrimination.

In a disability discrimination case, a plaintiff may demonstrate pretext "by showing that the proffered reason had no basis in fact, the proffered reason did not actually motivate the discharge, or, the proffered reason was insufficient to motivate discharge." Gantt v. Wilson Sporting Goods Co., 143 F.3d 1042,

10

1048-49 (6th Cir. 1998) (citing Manzer v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1081 (6th Cir. 1994)). As to whether the reasons given by the Secretary were pretextual, the Plaintiff argues that Frazee falsified some of the grounds that were relied upon for her termination. Doc. #26 (Pl.'s Obj.) at 5. Thus, she attempts to argue that the proffered reason had no basis in fact. However, as pointed out in the Magistrate Judge's Report and Recommendations, even construing the evidence most strongly in favor of the Plaintiff, as the Court must do at this stage of the litigation, it is clear that some of the evidence (including the Plaintiff's own testimony) reveals that certain of the performance problems Frazee identified were true and were sufficient to warrant her termination. Doc. #25 at 13. For these reasons and the other reasons more specifically set forth in the Report and Recommendations (Doc. #25 at 10-15), the Court SUSTAINS the Defendant's Motion for Summary Judgment (Doc. #19), as to the wrongful termination claim.

### C. Intentional Infliction of Emotional Distress

As her third claim for relief, the Plaintiff alleges that the Secretary intentionally inflicted emotional distress upon her. Doc. #1 ¶¶33-38. In her Report and Recommendations, the Magistrate Judge concluded that the Secretary's Motion should be sustained, as to this claim, given that the Plaintiff had not

11

satisfied the requirements of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. Doc. #25 at 18-19. The Court agrees.

"To bring a tort action against the United States, the plaintiff must establish that the United States has waived its sovereign immunity." Lundstrum v. Lyng, 954 F.2d 1142, 1145 (6th Cir. 1991) (citing United States v. Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767 (1941)). Although the United States has consented to be sued in tort under the Act, "[a] prerequisite to suit under the FTCA, however, is the exhaustion by the plaintiff of administrative remedies." Id. (citing 28 U.S.C. § 2675(a)). Thus, in order to survive the Secretary's Motion, in the present case, the Plaintiff must demonstrate that she exhausted the administrative remedies required by the Act. On that note, the FTCA provides that a plaintiff cannot institute a tort claim against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). In the present case, the Plaintiff has pointed to no evidence to suggest that she presented such a claim to the Secretary, much less that the Secretary denied the same. Given that there is no genuine issue of material fact, as to the Plaintiff's intentional infliction of emotional distress claim, the Court SUSTAINS the Defendant's Motion for Summary Judgment (Doc. #19), as to the same.

D. Wrongful Retaliation

As her final claim, the Plaintiff alleges wrongful retaliation for her report of violations of state and federal law and the VA's rules and regulations, in violation of Ohio Revised Code § 4112.02(1) and Title VII of the Civil Rights Act of 1964. Doc. #1 at 5. With regard to this claim, the Magistrate Judge concluded that the Plaintiff had not set forth sufficient evidence to create a genuine issue of material fact, on her *prima facie* case of retaliation. Doc. #25 at 21-23.

In order to prove both a federal and state law claim of retaliation, absent direct evidence of retaliatory discrimination, a plaintiff must show the following:

(1) she engaged in activity protected by Title VII;

(2) this exercise of protected rights was known to defendant;

(3) defendant thereafter took adverse employment action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and

(4) there was a causal connection between the protected activity and the adverse employment action or harassment.

Michael v. Caterpillar Fin. Servs. Corp., 496 F.3d 584, 595 (6th Cir. 2007) (citing Morris v. Oldham County Fiscal Court, 201 F.3d 784, 792 (6th Cir. 2000)); see also Putney v. Contract Bldg. Components, 2009 Ohio App. LEXIS 5634, **30-31, 2009 Ohio 6718 (Ohio 3rd App. Dist. Dec. 21, 2009).

In her Report and Recommendations, the Magistrate Judge concluded that the Plaintiff had arguably established the first three prongs of her *prima facie* case, but had set forth no evidence to support the fourth prong, that there was a causal

13

connection between her filing of EEO Complaints in 2000 and 2006 and her termination in February 2008. Doc. #25 at 21-23; see also Doc. #1-2 at 2 (regarding dates of EEO Complaints). As noted by the Magistrate Judge,

> At the time Plaintiff filed her second EEO charge in 2006, Plaintiff was working in Prime Care and Frazee had not yet become her supervisor. After the proceedings concerning her EEO charge concluded, Dr. Cohen transferred Plaintiff to Voluntary Services at the Dayton VA facility (in July 2006). During the next year, Plaintiff's supervisor was Sharon Croteau, who was the only supervisor Plaintiff had no trouble with during her VA employment. There was consequently a significant period of Plaintiff's employment after she filed her second EEO charge where she enjoyed working for her supervisor and no adverse employment action occurred. The post-EEO charge harassment began only after Croteau left the Dayton VA facility in June of 2007. At that point, Frazee became Plaintiff's supervisor. But the fact that Frazee did not become her supervisor until well after she filed her second EEO charge tends to show little, if any, connection between her protected activity and Frazee's harassment. Plaintiff's deposition testimony, moreover, tends to show that she believes Frazee's conduct was personality driven. She testified: "He just didn't like me. He just – I don't know what his problem was, you know...."

Doc. #25 at 21-22 (citing various portions of Pl.'s Dep. (Doc. #21)). In her Objections, the Plaintiff provides nothing in response to this portion of the Magistrate Judge's Report and Recommendations. See Doc. #26.

The Court concurs with the Magistrate Judge's Recommendations, as to this claim, but not entirely for the reasons stated therein. With regard to the filing of the two prior EEO claims, the Magistrate Judge's analysis is legally correct, in that the Plaintiff has failed to point to any evidence to indicate that her termination in February 2008 was causally connected to the filing of her EEO complaints in 2000

14

and 2006. However, with regard to the Plaintiff's claim that the Secretary wrongful retaliated against her for "report[ing] violations of . . . the VA's rules and regulations" (Doc. #1 ¶ 40),[4] the Court finds that the same is not an actionable claim, because the Plaintiff has pointed to no law to indicate that this sort of conduct is an "activity protected by Title VII" and the Court knows of none. Thus, this part of the Plaintiff's claim does not satisfy the first prong of her *prima facie* case of retaliation.

For the reasons set forth above, the Court concludes that there exists no genuine issue of material fact on the Plaintiff's retaliation claim. Thus, the Defendant's Motion for Summary Judgment (Doc. #19), as to this claim, is SUSTAINED.

## IV. Conclusion

The Magistrate Judge's Report and Recommendations (Doc. #25) are ADOPTED. The Plaintiff's objections thereto (Doc. #26) are OVERRULED. The Defendant's Motion for Summary Judgment (Doc. #19) is SUSTAINED. Judgment is to be entered on behalf of the Defendant and against the Plaintiff.

---

[4]Seemingly in support of this claim, the Plaintiff argues that she told the Director "about Mr. Frazee buying him and Mrs. Crawford cell phones on the VA credit cards and other things." Doc. #23 at 7.

15

The above captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 23, 2010

*(signature)*

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
Counsel of record