# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| Rhonda J. Cox, | : | |
| Plaintiff, | : | Case No. 3:08cv00422 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| Eric K. Shins[e]ki/James B. Peak,<br>Secretary of U.S. Department of<br>Veterans Affairs, | :<br><br>: | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Rhonda J. Cox filed this case in November 2008. Her pro se Complaint challenged, in part, the United States Department of Veterans Affairs' termination of her employment.

On April 16, 2010, the undersigned issued a Report recommending that Defendants' Motion for Summary Judgment be granted. (Doc. #25). Plaintiff filed timely objections. (Doc. #26). On September 24, 2010, having conducted a de novo reviewed of Plaintiff's objections and the Report and Recommendations, United States District Judge Walter Herbert Rice overruled Plaintiff's objections, sustained Defendant's

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Motion for Summary Judgment, and terminated the case upon the Court's docket. (Doc. #30). The Clerk of Court docketed the resulting Judgment on that same day – September 24, 2010. (Doc. #31).

On February 10, 2012, Plaintiff filed a Motion to Vacate the Judgement,[2] which states in its entirety: "Now comes the Plaintiff and respectfully moves the Court for the fact that I have Never received anything of any conclusion of this case." (Doc. #32).

Construing Plaintiff's pro se motion liberally in her favor, her motion falls within Fed. R. Civ. P. 60(b). However, Plaintiff's motion does not satisfy any ground for available for relief under Rule 60(b)(1)-(6). The closest ground for relief from judgment she potentially has available is the existence of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Yet the record of the case does not support her assertion that she did not receive anything regarding the conclusion of the case. The Decision and Entry along with the resulting Judgment were served upon Plaintiff; neither document – nor any document served upon Plaintiff in the case – was returned to the Clerk of Court for failure of service. The Clerk of Court, moreover, served the

---

[2] Plaintiff uses the spelling "judgement" consistent with the nonlegal British preference. *See* Oxford Online Dictionaries, http://oxforddictionaries.com/definitition/judgement. American legal lexicon employs the spelling "judgment" to mean a "court's final determination of the rights and obligations in a case. . . ." Black's Law Dictionary 918 (9th Ed. 2009). In British legal lexicon, "judgment is commonly used in the sense in which *judicial opinion* is used in [American English]." Garner, Brian, Garner's Modern American Usage 490 (3rd Ed. 2009) (italics in original). Etymologically, both spellings share the Middle English/Old French cognate "jugement." *Supra*, http://oxforddictionaries.com/definitition/judgement. Plaintiff's preferred spelling will be retained, understanding that it refers to the judgment (Doc. # 31) issued in this case.

2

documents on Plaintiff at her address of record, which has remained the same throughout the life of the case.

Accordingly, Plaintiff's Motion to Vacate the Judgement lacks merit.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion to Vacate the Judgement (Doc. #32) be DENIED; and

2. The case remain terminated on the docket of the Court.


February 15, 2012

                 s/Sharon L. Ovington
                  Sharon L. Ovington
               United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).